UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMES D. LIBY, | |
| Petitioner, | |
| v. | Case No. 18-cv-1244 |
| STEVE KALLIS, Warden of FCI Pekin, | Honorable Joe B. McDade |
| Respondent. | |

## O R D E R & O P I N I O N

James D. Liby ("Petitioner") has brought before this Court a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and a Petition to Renew Application for Appointment of Counsel (Doc. 11). Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Pekin, Illinois. For the reasons stated below, the Petition (Doc. 1) is DIMISSED in part and DENIED in part and the Petition to Renew Application for Appointment of Counsel (Doc. 11) is DENIED.

### BACKGROUND

Petitioner pled guilty on March 3, 2011 and was convicted of conspiracy to distribute crack cocaine, methamphetamine and cocaine in violation of 21 U.S.C. §§ 841 and 846 and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841. (Plea Agreement and Judgment, *United States v. Liby*, No. 10-cr-40051 (C.D. Ill. 2011), Docs. 72 and 127). He was sentenced to 324 months for the first offense and 262 months for the second, to run concurrently. (Judgment, *United States v. Liby*, No. 10-cr-40051 (C.D. Ill. 2011), Doc. 127 at 2). Judgment was entered in his

case on June 11, 2012.

Petitioner filed an appeal, which he was expressly allowed to do because his plea agreement carved out an explicit exception to his waiver of appeal to challenge his sentence under the FSA. However, he voluntarily dismissed the appeal. (*See* Doc. 13-1, *United States v. Liby*, No. 12-2454 (7th Cir. 2012)).

On October 24, 2016, Petitioner filed a § 2255 motion raising four separate grounds for resentencing. This Court summarily dismissed three of the four grounds in an Order and Opinion dated November 10, 2016. (*See* Doc. 3, No. 16-cv-1408). The Court later found the fourth claim barred by § 2255(f)'s statute of limitations as well as procedurally defaulted. (*See* Doc. 9, No. 16-cv-1408).

Now Petitioner seeks to utilize a § 2241 petition in lieu of a § 2255 motion seeking to have his sentence vacated and secure resentencing. Petitioner also argues separately that Bureau of Prison officials have not properly credited his term of imprisonment for time he spent in state prison before his federal sentence was imposed.

## DISCUSSION

**I.     Petitioner's Use of a 2241 Petition to Challenge His Sentence**

Petitioner is challenging the validity of a sentence imposed by the district court, and therefore would ordinarily be required to bring his claim as a § 2255 motion rather than a § 2241 petition. *See Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) ("28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or

2

duration of confinement."); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). He may only petition under 28 U.S.C. § 2241 if the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (which is often referred to as "the Savings Clause"). In *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the Seventh Circuit held that collateral relief is available to a federal prisoner under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Id.* at 611. A federal prisoner must meet three criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted). The mere fact that Petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See Davenport*, 147 F.3d at 609–10.

Petitioner claims Congress's amendment of the penalties for crack cocaine offenses through the Fair Sentencing Act renders his sentence in excess of the statutory maximum for his drug crime. The FSA took effect on August 3, 2010. The drug conspiracy to which Petitioner pled was alleged to have existed until July, 2010. (Plea Agreement, *United States v. Liby*, No. 10-cr-40051 (C.D. Ill. 2011), Doc.

3

72 at 14). The law in this judicial circuit at the time of Petitioner's sentencing, June 11, 2012, was that the FSA did not apply retroactively to sentences imposed before the Act became effective. *United States v. Bell*, 624 F.3d 803 (7th Cir. Oct. 20, 2010). However, on June 21, 2012, the United States Supreme Court held that the FSA applied to criminal defendants whose crimes preceded the effective date of the FSA. *Dorsey v. United States*, 132 S. Ct. 2321.

The Court cannot reach the substantive issue in this claim. As mentioned above, a federal prisoner may only petition under 28 U.S.C. § 2241 to invalidate or otherwise modify his sentence if the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (which is often referred to as "the Savings Clause"). In *Davenport*, 147 F.3d 605, the Seventh Circuit held that collateral relief is available to a federal prisoner under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Id.* at 611. A federal prisoner must meet three criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision <u>that he could not have invoked in his first § 2255 motion</u>;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Caraway*, 719 F.3d at 586 (citations omitted) (internal quotation marks omitted) (emphasis added).

The second *Davenport* requirement is that a petitioner "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion," *Caraway*, 719 F.3d at 586, even in cases where the petitioner alleges his sentence is in excess of the statutory maximum. Thus, in *Montana v. Cross*, for example, the Seventh Circuit focused on the issue of prior unavailability of the challenging ground and instructed that a petitioner must show that the challenge he seeks to bring in the 2241 petition would have been futile in a 2255 motion. 829 F.3d 775, 784 (2016). With the futility standard in mind, there is no way this Court can conclude Petitioner satisfies the second *Davenport* requirement.

It is evident that Petitioner had at least two reasonable, non-futile, opportunities to correct his sentence. First, he filed an appeal based upon the applicability of the FSA to his sentence (Doc. 8-2 at 79), the very same issue he seeks to advance in this instant petition. (*See also* Doc. 13-1, *United States v. Liby*, No. 12-2454 (7th Cir. 2012)). Yet, he voluntarily dismissed that viable appeal and waived any rights to object or raise any points of error on appeal. (Doc. 8-2 at 82-86).

Second, Petitioner could have filed a timely 2255 motion within a year after *Dorsey* was announced in 2012, but did not do so. He has never explained—neither in this action nor his previous 2255 proceedings—why he failed to move for relief in a timely 2255 motion after *Dorsey* was decided. In any event, Petitioner's failure to utilize a 2255 motion is not the sort of structural or fundamental problem the case law regards as an acceptable reason to allow federal prisoners to bypass § 2255 and utilize § 2241. *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016) (citing *Taylor v.*

*Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) for the proposition that a petitioner seeking to use § 2241 to bypass § 2255 must show "a structural problem in § 2255 [that] forecloses even one round of effective collateral review," <u>unrelated to the petitioner's own mistakes</u>." (emphasis added)).

For these reasons, the Court must DISMISS Petitioner's claim that he is being held in custody on a sentence that is illegal under the FSA because he may not proceed under § 2241.

## II. Petitioner's Term of Imprisonment

Petitioner also argues that the BOP failed to properly credit his term of imprisonment for time he spent in state jail custody prior to his sentencing. Federal prisoners may utilize 28 U.S.C. § 2241 to challenge the computation of their sentences, *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997), so the Court has the power to entertain this claim. However, the claim is without merit and will be denied.

Forest Kelly, a Correctional Programs Specialist for the BOP, submitted a declaration in which he averred he 1) has worked in the area of inmate sentence computations since January 1992; 2) has access to the judgment and commitment files of BOP inmates, including Judgment Orders, Presentence Reports, U.S. Marshals records, state sentence information, detainer information, and other records which are related to the sentence computations, admission, and release of inmates. The Court accepts Kelly's credentials and finds he is adequately qualified to provide information bearing on Petitioner's custody and sentence computation. Kelly has submitted documents (Doc. 8-2 at 1-18) relied upon by him to establish

the following:

Petitioner was convicted and sentenced to an Illinois state term of imprisonment in 2005. On March 19, 2010, he was paroled for that state conviction. On July 9, 2010, Petitioner was taken into custody by state officials for violating state law. On July 28, 2010, he was indicted for committing the federal crimes for which he is currently incarcerated. The PSR in Petitioner's federal case asserts his commission of the federal offense was deemed a violation of his parole (*see* Doc. 121 at 16, No. 4:10-cr-40051), even though his state law charges were dismissed on July 29, 2010. The PSR also indicated his term of imprisonment (which was due to his violation of parole for the 2005 offense) would expire on November 14, 2011. On September 10, 2010, Petitioner was transferred out of IDOC custody pursuant to a writ. Apparently, he was taken to Mercer County Jail and stayed there until March, 18, 2011. (Doc. 8-2 at 32 (Prisoner Tracking System form USM-129)).Thereafter, he was held in custody at Henry County Jail for an undetermined amount of time. His state term of imprisonment did indeed expire on November 14, 2011, yet he remained in custody to face his federal charges. Finally, he was sentenced to his federal term of imprisonment on June 10, 2012.

Petitioner asserted two fundamental questions need to be resolved. First, "when does the sentence commence, and second, to what extent is the prisoner entitled to receive credit for any time already spent in custody?" (Doc. 1 at 3). The first question has already been resolved. Petitioner's federal sentence commenced on the day it was imposed, which was June 10, 2012. The earliest a federal sentence can commence is on the date on which it was imposed. *See* 18 U.S.C. § 3585(a) ("[a]

sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); Bureau Of Prisons Program Statement 5880.28 available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query&series=5000#. Records show that Petitioner was discharged from his state sentence on November 14, 2011. (Doc. 8-2 at 11).

The answer to the second question is supplied by 18 U.S.C. § 3585(b) and case law interpreting it. Paragraph (b) of § 3585 provides that **a** defendant <u>shall</u> be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences <u>as a result of</u> the offense for which the sentence was imposed or as a result of any other charge for which he was arrested after the commission of the offense for which the sentence was imposed <u>that has not been credited against another sentence</u>. 18 U.S.C. § 3585(b) (emphasis added). Finally, case law makes clear that a federal prisoner has no right to prior time served credit toward a federal sentence for time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum issued to secure the prisoner's presence from state custodial officials. *See Flick v. Blevins*, 887 F.2d 778, 782 (7th Cir. 1989).

So, Petitioner's state law term of imprisonment ended on November 14, 2011. He was given prior jail time credit for the period of time between November 15, 2011 and June 11, 2012, the first full day after his federal sentence was imposed. (Doc. 8-2 at 7). No time prior to November 14, 2011 is subject to credit against his

current federal sentence despite the fact that Petitioner was being held at local municipal jails at the behest of federal officials because Petitioner was still serving out his state term of imprisonment and § 3585(b) disallows prior custody credit where the prisoner is receiving credit towards another sentence. *Manuel v. Terris*, 803 F.3d 826, 828 (7th Cir. 2015). Moreover, as stated earlier, a federal prisoner has no right to prior time served credit toward a federal sentence for time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum issued to secure the prisoner's presence from state custodial officials. *See Flick*, 887 F.2d at 782.

A contributing factor to Petitioner's misplaced argument is probably this Court's Judgment entered in Petitioner's criminal case. The Court wrote

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
>
> of 324 months as to Count 1 and 262 months as to Count 3 to run concurrent with each other and with sentence imposed in Warren County Case No. 05-CF-41.

(Doc. 127, No. 4:10-cr-40051). According to the evidence submitted (Doc. 8-2 at 10), there was no state sentence in effect in 2012 as Petitioner was discharged from that sentence on November 14, 2011. Thus, there was never any state term of imprisonment to run concurrent with the federal term of imprisonment.

For these reasons, the Court finds that the Bureau of Prisons did not miscalculate Petitioner's term of imprisonment. Petitioner was properly credited for the period between November 15, 2011 and June 11, 2012 he served in federal custody as a result of the offense for which the federal sentence was imposed. Therefore, Petitioner's claim regarding a miscalculated sentence is DENIED.

### III. Request For Counsel

Petitioner has requested appointment of counsel to assist him in these proceedings under 18 U.S.C. § 3006A(a)(2)(B). Counsel may also be appointed if "the court determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Petitioner suggests that the interests of justice should lead this court to appoint counsel under 18 U.S.C. § 3006A.

The Seventh Circuit has set forth five factors a district court should consider when ruling on a request to appoint counsel. Those factors are

> (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) complexity of the legal issues raised by the complaint.

*Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983).

The Court finds that these factors do not warrant the appointment of counsel. First, Petitioner's claims are not colorable. The term "colorable" means apparently correct. Petitioner's claims are not correct and no relief will be afforded. The Court has determined it cannot entertain Petitioner's first claim and that the evidence submitted establishes his second claim is without merit.

Next, factors two and three cut against the appointment of counsel. There are no facts that need to be discovered. In regard to Petitioner's first claim, the issues presented hinged on the law not factual assertions. To the extent any facts were necessary to determine the viability of the claim, it was the Petitioner who was singularly capable of explaining why he withdrew his appeal and failed to file a timely 2255 motion years ago. As to his second claim, the evidence at issue is mere

custodial records that have been supplied by Respondent and verified by Respondent's witness. The Court sees no reason to find that counsel for Petitioner would add any value in interpreting the documentary evidence presented by the Respondent or developing evidence clearly within the Petitioner's sole knowledge.

Finally, the Court finds the last two *Wilson* factors also weigh in favor of not appointing counsel. Petitioner has adequately presented the issues, which were not so complex as to require an attorney.

For these reasons, the Court finds it was not in the interest of justice to appoint Petitioner counsel in this matter. Therefore, his request for is DENIED.

## CONCLUSION

For the reasons discussed above, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is DISMISSED in part and DENIED in part and the "Petition to Renew Application for Appointment of Counsel" (Doc. 11) is DENIED. CASE TERMINATED.

SO ORDERED.

Entered this 19th day of September, 2018.

                                                            s/ Joe B. McDade
                                                            JOE BILLY McDADE
                            United States Senior District Judge